```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RANDALL SAUNDERS,               :
      Plaintiff,                :
                                :
      v.                        :     Case No: 3:12cv581(WWE)
                                :
BLAIR VINTON, et al.,           :
      Defendants.               :
```

RULING AND ORDER

The plaintiff has filed motions for preliminary injunctive relief and for leave to depose the defendants at the district court rather than at the correctional facility where he is confined.  For the reasons that follow, both motions will be denied.

I.  Motion for Preliminary Injunction [Doc. #8]

The plaintiff alleges that he has been transferred from the Enfield Correctional Institution to the Brooklyn Correctional Institution.  His transfer followed incidents of loss of materials he considers legal work product.  The plaintiff states that he now is housed in a gymnasium, rather than in a cell with a desk and storage for his legal materials, and no longer has a prison job.

A preliminary injunction is designed "'to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.'"  Lebron v. Armstrong, 289 F. Supp. 2d 56, 60 (D. Conn. 2003) (quoting Devose

v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). To prevail on his motion, the plaintiff must establish a relationship between the injury claimed in his motion and the actions giving rise to his complaint.

The only claim in the amended complaint is that the defendants withheld the plaintiff's state habeas appellate file for several months and interfered with delivery of materials the plaintiff considered legal correspondence.  This motion concerns the plaintiff's transfer and conditions of confinement.  As these claims are not included in the complaint, the relief requested in this motion is not related to the claims in this case.  The motion for preliminary injunctive relief should be denied.

In addition, before the court can validly enter an injunction against a person, the court must have in personam jurisdiction over him.  See Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999).  No defendant is identified as working at Brooklyn Correctional Institution. Thus, there is no person over whom the court has jurisdiction who can be ordered to provide the requested relief.

II. Motion for Leave to Conduct Depositions at Court [Doc. #27]

The plaintiff next seeks leave of court to conduct depositions of the defendants at the court rather than at the correctional facility.  Although the plaintiff has been granted permission to file his action in forma pauperis, 28 U.S.C. § 1915

does not authorize payment or advancement of discovery expenses by the court.  See Morgan v. Murphy, No. 3:10cv1361(JCH), 2011 WL 2681148, at *1 (D. Conn. July 8, 2011)(citing cases); Tajeddini v. Gulch, 942 F. Supp. 772, 782 (D. Conn. 1996) (denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and in forma pauperis status does not require advancement of funds by the court for deposition expenses).  The plaintiff does not indicate that he has sufficient funds to pay deposition expenses or the cost of transporting him to the district court should his motion be granted.  Absent confirmation of sufficient funds, the plaintiff's motion should be denied.

III. Conclusion

　　　The plaintiff's motions for preliminary injunction [**Doc. #8**] and for leave to conduct depositions at court [**Doc. #27**] are **DENIED**.

　　　**SO ORDERED** at Bridgeport, Connecticut, this 16th day of November, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　Warren W. Eginton
　　　　　　　　　　　　　　　　　　　Senior United States District Judge