UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDALL SAUNDERS, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:12-cv-581 (MPS) |
| : | |
| BLAIR VINTON, et al., : | |
|     Defendants. : | |

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. #40]
and PLAINTIFF'S MOTION IN OPPOSITION [Doc. #47]

The plaintiff, Randall Saunders, alleges in his complaint that the defendants, Captain Blair Vinton, Lieutenant Neva Lloyd and Correctional Officer Hector Rivera, conspired against him and interfered with his legal mail in violation of his right of access to the courts.  The defendants have filed a motion for summary judgment.  In opposition, the plaintiff has filed a motion asking the court to deny the motion.  For the reasons that follow, the defendants' motion is granted and the plaintiff's motion is denied.

I.      Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  *See* Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009).  The moving party may satisfy his or her burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir.

2009).  In order to defeat the motion for summary judgment, the plaintiff must present such evidence as would allow a jury to find in his or her favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the conclusory allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  *Zigmund v. Foster*, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  *Harvey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008).

II.   Facts[1]

In December 2011, the plaintiff contacted Attorney Martin Zeldis, from the Office of the Public Defender, renewing his October 4, 2011 request that Attorney Zeldis send the plaintiff his legal file.  The plaintiff learned that the file had been mailed to him on October 12, 2011.  *(See* Doc. # 48 at 59.)  Attorney Zeldis contacted defendant Lloyd, who located the box and delivered it to the plaintiff during the first week in January 2012.  The box was marked legal mail.  The parties disagree as to whether the box had been opened before it was given to the plaintiff.

During the time the box was missing, the plaintiff's appeal of a state habeas action was

---

[1]The facts are taken from the parties' Local Rule 56(a) Statements and attached exhibits.

pending. The plaintiff filed his appellate brief on October 3, 2011, before the box was mailed to him. The respondent filed his brief on January 11, 2012, after the plaintiff had received the box. The plaintiff filed a reply brief on January 30, 2012.

Prior to receiving the box, the plaintiff had five boxes of legal materials in his cell. Defendant Lloyd told the plaintiff that, per Department of Correction Administrative Directive 6.10, § 19, he was permitted to have only two boxes of legal materials in his cell at one time.

Additional boxes could be stored in the property room and exchanged for the boxes in his cell by notifying the property officer. The plaintiff contends that he had written permission from Warden Maldonado to retain his legal materials in his cell while he had pending litigation and that the permission was contained in a notice in his file. The plaintiff has not provided a copy of this notice.

In January 2012, an envelope addressed to the plaintiff and marked "Legal Correspondence" was referred to defendant Vinton for review. The return address included a post office box but no name. The envelope had been opened and secured with two staples. On January 23, 2012, defendant Vinton spoke with the plaintiff regarding the envelope and asked him how the facility mail staff would know that this was legitimate legal mail. The plaintiff stated that he was representing himself in several actions and had received many such envelopes from Ms. Joy, who is not an attorney, containing legal research and documents from his legal files. The plaintiff explained that, at a different correctional facility, Ms. Joy had been permitted to mark the envelopes as legal correspondence and the envelopes were opened only in the plaintiff's presence. The plaintiff provides no evidence other than his and Ms. Joy's statements supporting this assertion.

Administrative Directive 10.7, § 3(H), defines "legal mail" as correspondence from an attorney, court or government official.  The plaintiff conceded that Ms. Joy is not an attorney and does not satisfy the requirements to be considered a privileged correspondent.  Section 4(I) requires that such correspondence must clearly be identified as privileged and specify the correspondent.  Although the envelope was stamped as legal correspondence, the return address included only a post office box.  Defendant Vinton told the plaintiff that he was in violation of the directive and advised him to seek other methods of receiving such correspondence.

III.     Discussion

The plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1986.  He asserts claims of denial of access to the courts and conspiracy.

   A.     Access to the Courts

The plaintiff argues that the defendants denied him access to the courts by delaying delivery of the box containing his legal file and refusing to permit Ms. Joy to send him correspondence marked as legal mail.  He also alleges generally that the defendants destroyed documents from the legal file.  (*See* Doc. # 1-1.[2])

It is well-settled that inmates have a First Amendment right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996).  To state a claim for denial of access to the courts, the plaintiff must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual

---

[2]On September 6, 2012, the plaintiff filed a document entitled Amended Complaint.  *(See* Doc. #23.)  The document is not a complaint, but rather a list of changes to the complaint the plaintiff wished to make.  As the plaintiff never filed a proper amended complaint, Doc. #1-1 remains the operative complaint.

injury.  *See Lewis*, 518 U.S. at 353.  To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002).  For example, the plaintiff could demonstrate an actual injury by providing evidence "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known."  *Lewis*, 581 U.S. at 351.

          1.      <u>Correspondence from Ms. Joy</u>

The claim regarding correspondence from Ms. Joy is based on the opening of the envelopes outside of his presence and a further allegation of delay in receiving documents.  The act of opening incoming mail by itself does not involve an inmate's right of access to the courts.  "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband."  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (internal quotation omitted).  Although Ms. Joy has a power of attorney from the plaintiff, she is not an attorney.  The plaintiff does not have an attorney-client privilege with Ms. Joy, and their communications are not protected as attorney work product.  *See Spartalian v. Citibank N.A.*, No. 2:12-cv-00742-MMD-PAL, 2013 WL 800269, at *7 (D. Nev. Mar. 4, 2013) (holding that plaintiff's communications with a friend, who was a paralegal not working under the direct supervision of a lawyer, were not protected by attorney-client or work product privileges).  Correspondence from Ms. Joy does not fit within the Department of

Correction's definition of privileged legal correspondence and the plaintiff's right of access to the courts was not violated by the failure to treat correspondence from Ms. Joy as privileged legal mail.

The plaintiff also argues that communications from Ms. Joy were delayed. He fails, however, to demonstrate that he suffered an actual injury as a result of this delay, such that he could make a claim for denial of access to the courts. In opposition to the defendants' motion for summary judgment, the plaintiff alleges that he experienced "additional expenses in motion practice, missed deadlines, mailings and phone calls." (Doc. # 48 at 7-8.) He does not identify any claim he was prevented from asserting or any case that was dismissed as a result of the alleged delays in receiving mail from Ms. Joy. *See Ford v. Fischer*, No. 9:09-CV-723 (DNH/ATB), 2011 WL 856416m at *7 (N.D.N.Y. Jan. 31, 2011) (delays in legal correspondence do not violate a prisoner's right of access to the courts unless he can establish actual injury suffered as a result of the defendants' actions); *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) ( mere delay in being able to work on legal action or communicate with the courts does not rise to level of constitutional violation). Cost incurred for telephone calls and sending materials a second time do not rise to the level of a actual injury. *See Rueb v. Brown*, No. 12-1117, 2012 WL 6014604, at *2 (10th Cir. Dec. 4, 2012) (additional photocopying costs do not constitute actual injury to support claim for denial of access to the courts).

The plaintiff also argues in his memorandum that defendant Vinton "overruled a federal court judge" with regard to his orders concerning correspondence from Ms. Joy. (Doc. # 48 at 19.) The plaintiff refers to an electronic endorsement denying without prejudice a motion filed in *Saunders v. Commissioner*, No. 3:10cv410(MRK), 2011 WL 572313 (D. Conn. Feb. 15,

6

2011).  The plaintiff had asked the court to order that all mail received from Ms. Joy be treated as legal mail.  The court denied the motion as moot based on the respondent's representation that the mail in question had been delivered to the plaintiff.  Although the court noted that the plaintiff is entitled to receive mail marked as legal correspondence, that statement was dicta.  In addition, the court did not order that all correspondence from Ms. Joy be treated as legal mail.  Thus, any argument that the defendants in this action violated any order from the district court is without merit.

        2.        <u>Box Containing Legal File</u>

The plaintiff contends that the delay in receiving the box containing his legal file and the documents missing from that file caused him to miss deadlines in his state court appeal and prejudiced him in pursuing a federal habeas corpus action.  He claims that "the habeas appeal was settled to in [sic] an inadequate result due to the missing evidence delayed and destroyed in original appellate file."  (Doc. # 48 at 9-10.)   He states generally that he was unable to pursue legal theories or cite cases in his brief.

The plaintiff's allegations were sufficient to survive initial review of the complaint.  Interference with legal mail may implicate an inmate's right of access to the court.  To state a plausible claim, however, the plaintiff must allege facts showing deliberate and malicious conduct by the defendants that hindered his efforts to pursue a legal claim and resulting actual injury.  *See Cohen v. County of Nassau*, No. 10-CV-5836(SJF)(ETB), 2011 WL 1630136 at *6 (E.D.N.Y. Apr. 27, 2011) (citations omitted).  To successfully oppose a motion for summary judgment, the plaintiff must submit admissible evidence supporting those allegations.

The plaintiff prepared and filed his appellate brief in his state habeas case before the case

file was mailed to him. Thus, any delay in receiving the file did not prevent him from filing a brief, and plaintiff has submitted no evidence that any such delay affected the arguments he actually raised in the appeal. In addition, he received the file well before he filed his reply brief. Although the plaintiff refers to his federal habeas action, that action was dismissed in February 2011, long before the plaintiff requested his case file. *See Saunders v. Commissioner*, No. 3:10cv410(MRK), 2011 WL 572313 (D. Conn. Feb. 15, 2011). Thus, the lack of the case file had no impact on the federal case. The plaintiff has not demonstrated any actual injury suffered as a result of the two-month delay in receiving the legal file.

      The plaintiff's argument that the defendants destroyed documents from the file also is without merit. The plaintiff has not identified any document missing from the file. He submits a letter from Attorney Zeldis stating that Attorney Zeldis gave the file to a paralegal to be mailed to the plaintiff on October 12, 2011; Attorney Zeldis does not indicate in the letter that he knew what actually was in the box. The plaintiff states in his affidavit that the transmittal sent with the box indicated that there were no copies of the files contained in the box. *(See* Doc. # 48-3 at ¶ 4.) Absent any evidence of what the box contained before it was mailed and after it was received, the plaintiff has not demonstrated that anything was missing from the box when he received it.

      Even if one or more documents were missing, the plaintiff has not presented any evidence of an actual injury. He alleges generally that he cannot adequately prosecute a state habeas action, but does not indicate what claims he included in that action and what missing documents would have supported those claims. To oppose successfully a motion for summary judgment, the plaintiff must do more that repeat his allegations in an affidavit. *See Zigmund*, 106

F. Supp. 2d at 356.  He must present admissible evidence demonstrating a genuine issue of material fact. *See Graham*, 230 F.3d at 38.  The plaintiff has not done so.  Accordingly, the defendants' motion for summary judgment is granted on the plaintiff's access to courts claims.

      B.      <u>Retaliation</u>

Although the plaintiff includes the words "acts of retaliation" in his complaint, it is not clear whether he is asserting a separate retaliation claim or merely providing examples in support of his claim for denial of access to the courts.  (*See* Doc. #1-1 at 4.)  The parties did not address retaliation in their briefs – which suggests that the plaintiff does not in fact assert a separate retaliation claim – but the Court nevertheless will address this issue.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing the district court to dismiss at any time a complaint that fails to state a cognizable claim).  To the extent that the plaintiff asserts a separate retaliation claim, it is dismissed for failure to state a cognizable claim.

Prison officials may not retaliate against inmates for exercising their constitutional rights.  To establish a retaliation claim, the plaintiff must show that his actions were protected by the Constitution or federal law and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct.  *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000).  Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003).  To support a claim of retaliation, the allegedly retaliatory conduct must deter a similarly-situated inmate of ordinary resolve from exercising his constitutional rights.  *See Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004).  Any lesser conduct is *de minimis* and does not support a retaliation claim.

The plaintiff alleges that defendant Vinton retaliated against him in two ways.  First, upon arrival at the Enfield Correctional Institution, the plaintiff alleges that he was directed to have all "legal correspondence" from Ms. Joy sent to defendant Vinton and not just mailed to the facility.  (*See* Doc. 1-1 at ¶ 16.)  The plaintiff fails, however, to identify any specific protected action he took that preceded defendant Vinton's allegedly retaliatory directive.  Indeed, the plaintiff's description of the directive as being issued "*[u]pon arrival* at Enfield C.I." raises doubt that it could have been retaliatory, as there would not have been any opportunity for the plaintiff to undertake a protected activity until *after* his arrival.  (*Id.* (emphasis added).)  Second, the plaintiff alleges that defendant Vinton retaliated against him by barring Ms. Joy from stamping her mailings "legal correspondence," as she supposedly had done in the past.  (*Id.* at ¶ 22.)  The plaintiff alleges that defendant Vinton's action was in retaliation for Deputy Warden Burgos's directing him to write an incident report regarding an opened enveloped marked "legal correspondence" that was on his desk.  (*Id*. at ¶ 21.)  This allegedly retaliatory act, however, is premised on the action of the deputy warden, not on any protected act of the plaintiff.  The plaintiff has failed to state a cognizable retaliation claim against defendant Vinton.

The plaintiff also alleges that defendant Lloyd ordered that the plaintiff could not keep all of his legal materials in his cell after he complained about the alleged mishandling of the box containing his legal file.  The excess boxes were kept in the property room and could be exchanged for the boxes in his cell.  Retaliatory acts must deter an inmate of ordinary resolve from exercising his constitutional rights.  Keeping only a portion of his legal materials in his cell does not rise to that level.  The plaintiff fails to state a cognizable retaliation claim against defendant Lloyd.

    C.    <u>Conspiracy</u>

In his complaint, the plaintiff clearly states that he brings his conspiracy claim pursuant to 42 U.S.C. § 1985(2). In their motion for summary judgment, the defendants address § 1985(**3**), not § 1985(**2**). The plaintiff asserts no conspiracy claim under § 1985(3), and therefore, the motion for summary judgment is denied with respect to the plaintiff's conspiracy claim. Under 28 U.S.C. § 1915(e)(2)(B)(ii), however, the court may dismiss at any time a complaint that fails to state a cognizable claim. As discussed below, the plaintiff has failed to state a cognizable claim under § 1985(2), and thus the conspiracy claim must be dismissed.

Section 1985 provides for a cause of action for conspiracy to interfere with civil rights. Part two of that statute, the part under which the plaintiff brings his claim, concerns obstruction of justice. Section 1985(2) contains two parts.[3] The first part prohibits a conspiracy aimed at

---

[3]Section 1985 provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws...the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

deterring a party or witness from attending or testifying in *federal court*. The second part prohibits a conspiracy aimed at impeding or obstructing justice in *state court*. The plaintiff does not specify under which part of § 1985(2) he brings his claim, so the Court will address both.

The plaintiff cannot establish a claim under § 1985(2) for deterring a party or witness from attending or testifying in federal court, because the plaintiff has failed to allege that there was a federal court proceeding at which a party or witness might have appeared or testified. Indeed, a review of the district court docket indicates that the plaintiff had one federal case pending during the time covered by this action, *Saunders v. Commissioner*, No. 3:10cv410(MRK), filed March 18, 2010 and dismissed February 15, 2011. This was a habeas corpus action, and there was no order for a hearing in the case. Thus, the plaintiff could not have been prevented from attending any federal court proceeding, and there was no proceeding at which witnesses could have testified. The plaintiff has failed to allege a factual basis for a claim under the first part of § 1985(2).

To the extent that the plaintiff's conspiracy claim is based on the second part of § 1985(2), obstruction of justice regarding a state court proceeding, it fails for lack of any allegations of racial or class-based animus. To state a cognizable claim under part two of § 1985(2), the plaintiff "had to allege he was a member of a protected class, that the defendants conspired to deprive him of his constitutional rights, that the defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions." *Gleason v. McBride*, 869 F.2d 688, 694-95 (2d Cir. 1989); *see also Doe v. Green*, 593 F. Supp. 2d 523, 539 (W.D.N.Y. 2009) ("The second part of § 1985(2), which deals with conspiracies to obstruct justice, applies to state court proceedings, but requires a showing of

invidious class-based animus.").  As the plaintiff includes no such allegations in his complaint, the conspiracy claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff also invokes 42 U.S.C. § 1986.  Section 1986 provides an action for neglecting or refusing to act upon knowledge that "any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed."  A prerequisite to stating a claim under this section is a cognizable claim under § 1985.  As the § 1985 claim has been dismissed, the § 1986 claim is dismissed as well.

        D.        State Law Claims

In his complaint, the plaintiff states that this Court has supplemental jurisdiction over state law claims but fails to set forth any specific state law claims.  Where no federal claims remain in a lawsuit, the district court may decline to exercise supplemental jurisdiction and leave the state law claims to be considered by the state courts.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  As the Court has granted summary judgment in favor of the defendants or dismissed all of the plaintiff's federal claims, it declines to exercise supplemental jurisdiction over any state law claims.

IV.        Conclusion

The defendants' motion for summary judgment  [**Doc. #40**] is **DENIED** with regard to any claim pursuant to 42 U.S.C. § 1985(3) and **GRANTED** in all other respects.  The claims filed pursuant to 42 U.S.C. §§ 1985(2) and 1986 and any retaliation claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff's motion to deny the motion for summary judgment [**Doc. #47**] is **DENIED**.

The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 22nd day of April 2013, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge